UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE FLACK,

                         Plaintiff,

v.

P. HERNANDEZ, *et. al.*,

                        Defendants.

_____/

Civil Action No. 25-10752

Brandy R. McMillion
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER STRIKING DOCUMENT (ECF No. 39)

The Court has reviewed plaintiff Lawrence Flack's ("Flack") "Motion to Sanction Government" (ECF No. 39).  The Court **STRIKES** this document for the following reason(s):

☐  Missing statement of concurrence.  *See* Local Rule ("LR") 7.1(a).

☐  Missing required information (e.g., table of contents, concise statement of issues, controlling or most appropriate authority, index of authorities, index of exhibits, etc.).  *See* LR 7.1(d)(2).

☐  Wrong font size or improperly formatted (e.g., single-spaced, improper margins, missing page numbers, etc.).  *See* LR 5.1(a)(2), (3).

☐  Does not comply with Rule 19(b) of the Electronic Filing Policies and Procedures, regarding filing exhibits electronically.  *See* LR 5.1.1(a).

☐  Does not comply with Local Rule 5.3, regarding filing an item under seal in a civil case.

☐  Over-length.  *See* LR 7.1(d)(3).

☐  Motion to dismiss/response to motion to dismiss relies primarily on summary judgment cases.

☒  Other:  Flack's motion does not comply with Federal Rule of Civil Procedure

1

11(c). In his motion, Flack asks the Court to sanction defendants for their alleged violation of Rule 11(b). (ECF No. 39). Flack's motion is premature. Rule 11(c) provides that the "motion must be served under Rule 5, ***but it must not be filed*** or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . ."). Fed. R. Civ. P. 11(c) (emphasis added). Thus, *prior to* filing a motion pursuant to Rule 11, the moving party must first serve the motion on the opposing party and give it 21 days to "reconsider the legal and factual basis for [its] contentions and, if necessary, to withdraw the offending document." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014). Here, Flack's filing makes clear that he filed it on the docket prior to presenting it to opposing counsel. (ECF No. 39, PageID.521) ("if the false statements aren't corrected in or withdrawn from [the alleged offending filing[ within the allotted [21-day] timeframe . . .").

Therefore, Flack's motion for sanctions **(ECF No. 39)** is hereby

**STRICKEN** and is not part of the record.

**IT IS SO ORDERED**.

Dated: March 26, 2026

s/ David R. Grand
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2026.

s/Julie Owens
JULIE OWENS
Case Manager

2